UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES JONES as Personal Representative of the Estate of AIYANA STANLEY-JONES, Deceased, MERTILLA JONES, and DOMINIKA STANLEY, | |
| Plaintiffs, | Civil Action No. _____ |
| | Hon. _____ |
| -vs- | |
| A&E Television Network, The First 48 Television Show, and Kirkstall Road Enterprises, Inc. | |
| Defendants. | |

**COMPLAINT AND JURY REQUEST**

Plaintiffs, by and through their attorneys, Fieger, Fieger, Kenney, Johnson & Giroux, P.C., and for their Complaint against the above-named Defendants, state as follows:

**INTRODUCTION**

1.  This is an action for money damages brought pursuant to 42 USC §1983 and 1988, and the 4th and 14th Amendments to the United States Constitution, and under

1

the statutes and common law of the State of Michigan against Kirkstall Road Enterprises, Inc., A & E Television Network, and "The First 48" television show.

2. This lawsuit arises out of events occurring within the City of Detroit, County of Wayne, State of Michigan.

3. Jurisdiction is based upon 28 USC §§ 1331, 1332, 1343, and 1367. The amount in controversy in this case is well in excess of $75,000.00.

## PARTIES

4. Plaintiff, Charles Jones, is the father of and the duly appointed personal representative of the estate of Aiyana Stanley-Jones, and is a resident of the City of Detroit, County of Wayne, State of Michigan. He files this lawsuit in both his individual capacity and his representative capacity on behalf of the Estate of Aiyana Stanley-Jones.

5. Dominika Stanley is the mother of seven-year-old Aiyana Stanley-Jones, deceased, and is a resident of the City of Detroit, County of Wayne, State of Michigan.

6. Mertilla Jones is the grandmother of Aiyana Stanley-Jones, and is a resident of the City of Detroit, County of Wayne, State of Michigan.

7. Defendant Kirkstall Road Enterprises, Inc., is, upon information and belief, a New York company located at 609 Greenwich St., 9th Floor, New York, NY, 10014, and doing business in the County of Wayne, State of Michigan, and either owned, operated, distributed, produced, syndicated and/or controlled the production of Defendant "The First 48."

8. Defendant, A&E Television Network, is a foreign corporation, doing business in the County of Wayne, State of Michigan, and for all times relevant hereto owned, operated, distributed, produced, syndicated and/or controlled "The First 48" television show.

9. Defendant "The First 48" is, upon information and belief, a foreign corporation, partnership and/or business entity doing business in the County of Wayne, State of Michigan.

## COMMON FACTUAL ALLEGATIONS

10. Defendants, in concert with the Detroit Police Department, effectuated an illegal search and seizure upon Plaintiffs and their home that led to the death of Aiyana.

11. Defendant Kirkstall Enterprises entered into a confidential contractual agreement ("Agreement") with the Detroit Police Department on December 16, 2009, titled "'THE FIRST 48' Access Agreement." (Attachment A).

12. The Agreement set forth terms for Defendants to work with, film, and record the Detroit Police Department and its officers for the television series "The First 48", which was to be aired on the A&E television network.

13. The Agreement gave Defendants unprecedented access to work with the Detroit Police Department and video tape and record, in the words of the Agreement, "an innovative and documentary experience." This "innovative" experience ended up being the tragic and senseless death of Aiyana.

14. At approximately 12:40 A.M. on May 16, 2010, Defendants' film crew and the Detroit Police Department Special Response Team arrived at a duplex at 4054 Lillibridge Street on Detroit's Eastside to serve an arrest warrant on a homicide suspect, Chauncy Saunders.

15. 4054 Lillibridge is the home of Aiyana Jones and her family, not Chauncy Saunders, who resided at 4056 Lillibridge.

16. The Detroit Police Special Response Team launched a commando-style raid upon Aiyana's home, starting with firing a flash-bang grenade from a gun through the front window into a room where Aiyana was sleeping on a couch.

17. The flash-bang grenade exploded near Aiyana causing a blinding flash and a loud noise.

18. Police then fired into the lower duplex from the outside and struck seven-year-old Aiyana in her head, piercing her skull.

19. Police then illegally entered the house and witnessed the aftermath of their senseless and destructive actions.

20. At no time prior to these actions did the police have a search warrant for the residence.

21. At no time did Aiyana or the residents of the property pose a threat of injury to the police; nor did they possess any weapon or demonstrate any aggressive or threatening behavior.

22. Defendants were present before and during the assault and were recording the above-mentioned incidents.

23.  Prior to the decision to illegally assault Aiyana's home, there were discussions about the fact that television cameras would be present and the desire to create a "good show" and/or to create "great video footage."

24.  This is consistent with the premise of "The First 48," which is a criminal investigation television show that focuses on the first forty-eight hours of criminal investigations.  The opening title sequence of the show features the conceptual statement: "For homicide detectives, the clock starts ticking the moment they are called. Their chance of solving a case is cut in half if they don't get a lead within the first 48 hours."

25.  Since this horrific incident, and because of the unfortunate consequences associated with allowing Defendants (and other reality television shows) to participate in police work, the mayor of Detroit has banned reality television crews from working with police so that similar horrific incidents will not be repeated upon other innocent citizens of Detroit.

26.  Aiyana Stanley-Jones did not die immediately, and instead suffered great conscious pain and suffering as a direct and proximate result of the said acts of the Defendants.  Seven-year-old Aiyana suffered the following injuries and damages in the moments before a bullet pierced her skull through the time and after her traumatic and tragic death:

   a.  Violation of her constitutional rights under the 4th Amendment and 14th Amendment to the United States Constitution including, but not limited to, the right to be free from an unreasonable seizure of his person and/or to be free from the unnecessary and excessive use of deadly force;

   b.  Loss of her life;

   c.  Physical pain and suffering and emotional trauma and suffering;

5

  d.  Medical, funeral and burial costs;

  e.  Loss of wages and/or earning capacity;

  f.  Loss of services, care, society, love, companionship, comfort and protection between Aianya Jones and all family members and/or persons of her Estate, as recoverable under the Michigan Wrongful Death Act, MCL 600.2922.

27. That as a direct and proximate result of Defendants' actions and/or inactions, Plaintiffs have suffered, and will continue to sustain the loss of society and companionship of Aiyana.

## COUNT I

## 42 U.S.C. §1983 – VIOLATION OF THE 4th AND 14th AMENDMENTS

28. Plaintiffs incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

29. Plaintiffs seeks damages for injuries suffered by Aiyana Stanley-Jones and the members of her family as set forth and described above pursuant to 42 U.S.C. §1983 against Defendants who, while acting under color of law, violated Plaintiffs' clearly established civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitutions including, but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

30. At all times relevant, Defendants, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the 4th Amendment to the United States Constitution.

31. Defendants were willful participants in illegal joint activity with Detroit Police Department in performing a search and seizure upon the plaintiffs and their residence.

32. Defendants' desire to create a sensational television show consistent with the conceptual premise of the "First 48" directly and proximately caused the injuries in this case.

33. Defendants, through their presence and actions, provided encouragement to the Detroit Police Department to conduct an illegal, overly aggressive, and unnecessary raid upon the Plaintiffs and their residence.

34. Defendants knew or should have known that by acting in concert with the Detroit Police and filming live police it would lead to tragedies such as the one in this case.

35. Defendants' acts were intentional, objectively unreasonable, unnecessary, excessive, reckless, and/or grossly negligent in violation of Plaintiffs' clearly established rights under the United States Constitution.

36. Pursuant to 42 U.S.C.§1983, Defendants are liable for all damages allowed under federal law, Michigan common law, and under the Michigan Wrongful Death Statute MCL 600.2922. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate the Plaintiffs and/or to

punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

37. Pursuant to the unlawful and unconstitutional actions perpetrated by Defendants, Aiyana Stanley-Jones and/or the members of her family have suffered the following injuries and damages for which compensation is hereby demanded:

    a. Reasonable medical, funeral and burial expenses;

    b. Severe and permanent brain injury and death;

    c. Emotional distress;

    d. Loss of personal freedom and liberty;

    e. Pain and suffering;

    f. Fright and shock;

    g. Horror, outrage and indignity;

    h. Economic damages including lost wages and/or loss of earning capacity;

    i. Exemplary damages;

    j. Loss of love, society and companionship for the members of the Decedent's Estate;

    k. Loss of services, gifts and/or gratuities;

    l. An award of punitive damages;

    m. An award of hedonic damages;

    n. Reasonable attorney fees and costs;

    o. Expenses for the administration of the Estate; and

    p. All other such relief which appears reasonable and just under the circumstances.

WHEREFORE, Plaintiff requests that this Court award to the Estate and against the Defendants the following damages and/or relief:

    a.    Compensation for all allowable economic damages;

    b.    Compensation for all allowable non-economic damages;

    c.    Punitive damages;

    d.    Hedonic damages;

    e.    Exemplary damages;

    f.    Attorney fees and costs;

    g.    Interest on all allowable damages;

    h.    Any and all additional damages allowed under Michigan law including the Wrongful Death statute, MCL 600.922.

    i.    Any and all additional damages allowed under 42 U.S.C. §1983 and/or federal common law; and

    j.    Such other and further relief as appears reasonable and just under the circumstances of this case.

## COUNT II

### MICHIGAN COMMON LAW – INVASION OF PRIVACY

38.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

39. Plaintiffs have a right to be left alone and be protected from any wrongful intrusion into their lives that would outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

40. Defendants' actions in perpetrating and filming the commando-style raid upon Plaintiffs' home and the subsequent horrific death of Aiyana was an unreasonable and serious interference with Plaintiffs' right to seclusion.

41. At no time did the Plaintiffs consent to such invasion of privacy.

42. By these actions, Defendants have caused Plaintiffs to suffer injuries, including but not limited to:

    a. Physical pain and suffering;

    b. Mental anguish;

    c. Fright and shock;

    d. Horror, outrage, and indignity.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in his favor and against Defendants as well as award costs, interest, attorney fees and punitive damages so wrongfully incurred.

                                                           _____
                                                           GEOFFREY N. FIEGER (P-30441)
                                                           JONATHAN R. MARKO (P-72450)
                                                           Fieger, Fieger, Kenney, Johnson, & Giroux, P.C.
                                                           Attorneys for Plaintiffs
                                                           19390 West Ten Mile Road
                                                           Southfield, Michigan 48075
                                                           (248) 355-5555

Dated: October 19, 2010

**REQUEST FOR JURY TRIAL**

---

Plaintiffs, by and through their attorneys, Fieger, Fieger, Kenney, Johnson & Giroux, P. C., hereby request a trial by jury in the above-captioned matter.

Respectfully submitted,

_____
GEOFFREY N. FIEGER (P-30441)
JONATHAN R. MARKO (P-72450)
Fieger, Fieger, Kenney, Johnson, & Giroux, P.C.
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555

Dated: December 14, 2010